IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BASHIR YUSUF JAMOH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-3070 |
| | : | |
| **JACKSON UDE** | : | |

# ORDER

**AND NOW**, this 13th day of September 2023, upon review of defendant Jackson Ude's motion to set aside entry of default (DI 18), plaintiff Bashir Yusuf Jamoh's opposition brief in response (DI 19), and defendant's reply (DI 20), the Court finds as follows:

1. Under Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for "good cause." The Court considers three factors when determining whether to set aside a default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006).[1]

2. District courts have discretion to decide whether to set aside entries of default. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194. However, "[t]here is a strong presumption in favor of resolving the case on the merits." *Handle v. Postmaster Gen., U.S. Postal Serv.*, 806 F. App'x 95, 100 (3d Cir. 2020). Additionally, "[l]ess substantial grounds may be adequate" to set aside an entry of default than to open a default judgment. *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir. 1982).

3. Regarding the first factor, a plaintiff suffers prejudice when his claim "would be

---

[1] Courts sometimes also consider a fourth factor: "the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001).

4.  Dr. Jamoh argues he will suffer prejudice because of Mr. Ude's "significant" delay and because the allegedly defamatory publications are causing him "ongoing damage." *See* DI 19 at 15-16.

5.  Dr. Jamoh requested default under Fed. R. Civ. P. 55(a) on October 6, 2022, and the clerk entered default the same day. *See* DI 10. Mr. Ude filed his motion to set aside the entry of default (DI 18) on December 23, 2022. Therefore, less than three months passed between the entry of default and Mr. Ude's motion to set aside the entry of default.[2] Courts have found that similar delays do not prejudice plaintiffs. *See Dizzley*, 202 F.R.D. at 148 (finding "[t]hree months delay, without more, does not establish prejudice" to plaintiff who sought entry of default); *Natasha C. v. Visionquest, Ltd.*, 2003 WL 21999591, at *3 (E.D. Pa. Aug. 25, 2003) (finding no prejudice to plaintiff in the two-month delay between default judgment and setting aside of default judgement).

6.  Additionally, Dr. Jamoh does not allege that this delay resulted in a loss of evidence or other issue that "materially impaired" his claim. *See* DI 19.

7.  Therefore, we conclude Dr. Jamoh will suffer no prejudice if the entry of default

---

[2] Dr. Jamoh calculates a "nearly four-month delay," presumably by looking at the gap between Mr. Ude's first deadline to respond to the complaint and his motion to set aside the entry of default. DI 19 at 15. Dr. Jamoh says that Mr. Ude was required to respond to the complaint by September 8, 2022. *Id.* at 6. However, he also notes that Mr. Ude requested an extension, and that Dr. Jamoh agreed to this extension, pushing the response deadline back to September 22, 2022. *Id.*

2

is set aside.

  *8.*  Turing to the second factor, a defendant has a meritorious defense when "allegations of defendant's answer if established on trial, would constitute a complete defense to the action." *$55, 518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)).  This is a "threshold question" for courts to consider.  *Id.*  To establish a meritorious defense, the defendant must provide "specific facts beyond simple denials or conclusionary statements."  *Id.*

  9.  Here, Mr. Ude advances several meritorious defenses to Dr. Jamoh's defamation per se claim, including: (1) the claim is barred by the statute of limitations; (2) Mr. Ude is not the appropriate defendant; (3) the alleged publication is true; and (4) the alleged publication is an expression of opinion.  DI 1 ¶¶ 64-74; DI 18 at 5-7.

  10.  Mr. Ude first argues that Dr. Jamoh commenced this lawsuit on August 3, 2022, based on allegedly defamatory information published in May and June of 2021.  DI 18 at 5. Pennsylvania's statute of limitations for defamation claims is one year.  42 Pa. Stat. and Cons. Stat. § 5523(1).  Further, the period of limitation for claims "accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim."  42 Pa. Stat. and Cons. Stat. § 5521(b). Therefore, Mr. Ude argues even if the claim accrued in Nigeria — which Dr. Jamoh states has a three-year statute of limitations — Pennsylvania's one-year statute of limitations controls and bars the action.  DI 18 at 5-7; DI 19 at 10.

  11.  Dr. Jamoh disagrees.  First, he argues that the defamatory information was republished in April and May of 2022, resetting the statute of limitations clock.  DI 19 at 10.

(Mr. Ude counters these alleged republications are "completely false and unsustainable." DI 20 at 3.) Second, Mr. Jamoh argues that under a choice of law analysis, Nigeria's statute of limitations should apply. *Id.* at 10-12.

12. We need not resolve parties' factual and legal disputes at this time. It is sufficient to find Mr. Ude's defense is not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (finding the court "need not decide the legal issue at this time"); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983) ("We do not decide the validity of [defendant's] arguments."); *Feliciano*, 691 F.2d at 657 ("We, of course, express no view on the merits of the coverage question but observe that, prima facie, [defendant] does have a valid defense.").

13. We conclude that Mr. Ude's defense is not "facially unmeritorious." Indeed, there is reason to believe Pennsylvania's statute of limitations may apply. *Harrison v. Harrison*, 2023 WL 5608984, at *1 (3d Cir. Aug. 30, 2023) ("Although Pennsylvania courts typically apply the statute of limitations of the forum, one exception is Pennsylvania's 'borrowing statute.'"); *Smith v. IMG Worldwide, Inc.*, 437 F. Supp. 297, 303-04 (E.D. Pa. 2006) (applying Pennsylvania's statute of limitations to a defamation claim whether the claim accrued in Pennsylvania or Florida because Pennsylvania's statute of limitations is shorter).

14. With respect to the third factor, "culpable conduct" means "willfulness" or "bad faith" of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984); *Gross*, 700 F.2d at 124. This requires more than "mere negligence." *Hritz*, 732 F.2d at 1183. However, "[r]eckless disregard for repeated communications from plaintiffs and the court" can show culpable conduct. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F.

App'x 519, 523 (3d Cir. 2006) (quoting *Hritz*, 732 F.2d at 1183).

15.   Mr. Ude argues that there is no evidence of "willfulness" or "bad faith" because his delayed response was caused by local counsel Don Chisholm's illness. DI 18 at 7-8. Due to Mr. Chisholm's illness, Mr. Ude says Mr. Chisholm was unable to enter his appearance or file the pro hac vice application of out-of-state counsel, Benneth Onyema Amadi. *Id.*

16.   Mr. Jamoh counters that the lack of communication with plaintiff's counsel and the court shows a "reckless disregard" for this action that makes his default "willful." DI 19 at 8-9. For instance, Mr. Jamoh notes that Mr. Ude did not hire another local counsel, failed to notify plaintiff's counsel of Mr. Chisholm's illness until November 7, 2022, and that Mr. Ude's counsel was unresponsive to plaintiff counsel's emails. *Id.*

17.   In light of Mr. Chisholm's illness and the Third Circuit's preference for resolving cases on the merits, *see Handle*, 806 F. App'x at 100, we decline to find "willfulness" or "bad faith" of Mr. Ude.

18.   Mr. Jamoh also requests that if we set aside the entry of default, we impose the following sanctions: "(1) that [d]efendant be allowed to only answer the [c]omplaint and not move to dismiss, and (2) that the alleged defamatory publications at issue be temporarily taken down from [d]efendant's website and [d]efendant's [T]witter account during the pendency of the action." DI 19 at 6.

19.   Courts have found that punitive sanctions are "inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense." *See Royal Ins. Co. of Am. v. Packaging Coordinators, Inc.*, 2000 WL 1586081, at *3 (E.D. Pa. Oct. 24, 2000); *Natasha*, 2003 WL 21999591, at *6. Additionally, it may be more "expedient" to

allow the case to "proceed on the merits without further effort devoted to fixing appropriate sanctions." *Emcasco*, 834 F.2d at 75.

20. Here, sanctions are inappropriate because we find no evidence of bad faith or willful misconduct and we find that Mr. Ude has offered a meritorious defense. And it is more "expedient" to proceed with the case on the merits.

For these reasons, it is **ORDERED:**

1. Defendant's motion to set aside entry of default (DI 18) is **GRANTED**.

2. The default entered on the docket on October 6, 2022 is **STRICKEN**.

3. Defendant shall respond to the complaint no later than **September 27, 2023**.

**MURPHY, J.**