**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BASHIR YUSUF JAMOH,<br><br>                Plaintiff,<br><br>   -against-<br><br>JACKSON UDE,<br><br>                Defendant. | Case No. 5:22-cv-03070-JMG |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I.**     **Counsel**

      A.     Lead counsel for plaintiff(s):

            Michael D. Cilento (admitted pro hac vice)
            Lewis & Lin LLC
            77 Sands Street, 6th Floor
            Brooklyn, NY 11201
            michael@iLawco.com

      B.     Lead counsel for defendant(s):

            Benneth O. Amadi, Esquire (admitted pro hac vice)
            204 Blossom St. Ext., Suite A
            Lynn, MA 01901
            bamadilaw@gmail.com

      C.     All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

            Michael D. Cilento, Esq.

      D.     All counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

            Benneth O. Amadi, Esq.

II.     **Description of claims and defenses**

The parties may assume that Judge Murphy has read the complaint and other pleadings and is familiar with the claims and defenses. With that in mind, counsel should go a layer deeper and summarize the key facts and threshold legal issues that underlie the claims and defenses. In addition, the parties should attach critical documents to this report, if not attached to the pleadings already (*e.g.*, in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**Plaintiff**: In May 2021, Defendant published two articles on the website PointBlankNews.com that stated that Plaintiff had committed several crimes, including theft of funds, bribery, insider dealing, and other violations of Nigeria's code of conduct for public employees. *See* Compl. ¶¶ 27, 40. In May and June 2021, Defendant also published four posts on Defendant's personal twitter account that linked to the PointBlankNews articles and contained the same accusations of criminality against Plaintiff. *Id.* ¶¶ 44-54. Plaintiff alleges the statements and their supporting allegations contained in the publications are false, including that the stated bank account number and cell phone number do not belong to Plaintiff, and that the alleged company affiliations are nonexistent. *Id.* ¶¶ 31-36. Plaintiff alleges that the website articles and twitter posts were republished in April and May 2022, and that those republications were widely cited to in the Nigerian news media. *Id.* ¶¶ 58-63. The Complaint contains one cause of action for defamation per se, for each of the alleged defamatory publications and their republications. The Complaint also gives notice of the intent to rely on Nigerian law, as Plaintiff maintains that a conflict of law analysis results in Nigeria having the only or greater interest.

**Defendant**: Defendant denies publishing any defamatory facts about or concerning the Plaintiff. Besides, Defendant states that Plaintiff's claims are statute barred because the Plaintiff's suit was filed more than one year after the alleged publications were made. The

statute of limitation has run against the plaintiff's claims and against the plaintiff's case. It should therefore be dismissed. Pennsylvania statute, 42 Pa.C.S. § 5523(1), unequivocally sets a one-year statute of limitation for defamation and for false light. From the Plaintiff's complaint that Plaintiff's alleged claims accrued more than one year before commencement of Plaintiff's action on 8/3/2022. Plaintiff's action is therefore barred by PA's statute of limitations, 42 Pa.C.S. § 5523(1).

Furthermore, Defendant states that Plaintiff is suing the wrong party. Defendant is not Poinblanknews. Pointblank news and the Defendant are not the same entity.Defendant is only an employee of Pointblank news. The fact that Defendant and Poinblanknews are not the same had been established in this court in the two prior cases of <u>Wabote v. Ude,</u> 5:21-cv-02214-JFL, and <u>Sylva v. Ude</u>, 5:21-cv-04102-JFL. In those cases the present Plaintiff's attorneys represented the Plaintiffs.

Defendant objects to Plaintiff's Notice and/or request, pursuant to the Federal Rules of Civil Procedure 44.1 of his intent to rely on Nigeria's civil defamation and libel laws including Nigeria's common-law and caselaw also meritless because Plaintiff's claims in this court are time barred and should be dismissed. **The application of the statute of limitation to a matter is a substantive legal issue and not procedural**.

Furthermore, Defendant states that Plaintiff is claiming jurisdiction in this case to be based on diversity of citizenship. The law is that **a federal district court in a case arising under diversity of citizenship jurisdiction applies state law on substantive legal issues**. PA law should therefore apply. Since the State law, the Pennsylvania Statute of limitation, which is a substantive legal issue applies in this case, the Plaintiff's claims are time-barred, and must be dismissed. Plaintiff's Rule 44.1 request is therefore meritless and futile. There is therefore no room in this case for the application of any Nigerian law to this case.

Defendant further states that conflict of laws is not an issue in this case because Pennsylvania laws appropriately confer jurisdiction on this court, and Plaintiff's claims are statute barred and should be dismissed. Pursuant to 42 Pa.C.S. § 5521(b), Limitations on foreign claims, "the period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." In this present case, PA law provides for a shorter period, and it should therefore apply.

**III.     Stipulated facts and insurance coverage and deductibles**

The parties must stipulate as to facts not in dispute.  We require stipulations to avoid duplicative and unnecessary discovery, wasted time in depositions asking questions about names, addresses and background or otherwise on dates which are undisputed, employment histories, etc.  While we do not expect you to stipulate to disputed facts at this early stage, we do expect a thorough recitation of undisputed facts.  The parties must also disclose insurance coverage, including retainer or deductible, consistent with Rule 26(a)(1)(A).

<u>The Parties were not able to agree to any stipulated facts.</u>

**IV.     Anticipated scope of discovery**

This information is critical to having a meaningful conference, and Judge Murphy's understanding of the scope and nature of discovery will largely determine the schedule.  The parties should consider the discovery that they will need and provide thoughtful answers.  Generic statements like "discovery about all claims and defenses" is unacceptable.  Judge Murphy invites the parties to vary from the default limits in the Federal Rules and provide thoughtful answers based on their actual assessment of the case.

> A.     Summarize with specificity those issues on which the parties will need to conduct discovery.  Identify categories of information each party needs in discovery and why.

**Plaintiff**: At this time, Plaintiff intends to seek discovery relating to:

- The entity Point Blank News, including its employees, investigators, sponsors, financial arrangements, as well as the role these individuals played in the investigation and publishing of the articles on the website and the documents and reports allegedly relied on;

- Defendant Ude, in his capacity as publisher of Point Blank News, and personally as to his Twitter accounts and posts, and his involvement in the articles that were published; and

- The Investigation by PBN and Ude of the statements made in the articles and twitter posts.

**Defendant**: Intends to seek discovery to show that Plaintiff's claims are statute barred, including the facts that Defendant is not Poinblank news; that Plaintiff was not defamed; that Plaintiff is a public figure. Defendant will conduct discovery to expatiate on his defenses in this case; and to show that Plaintiff was not defamed. Defendant will also conduct discovery on the blanks mentioned in the Plaintiff's complaint.

    B.    Anticipated number of interrogatories per party:

        Plaintiff    <u>25</u>

        Defendant    <u>25</u>

    C.    Anticipated number of depositions per party:

        Plaintiff    <u>3</u>

        Defendant    <u>3</u>

    D.    Do the parties anticipate the need for any agreements on remote deposition protocols?

<u>Plaintiff has requested an agreement for remote depositions, but Defendant does not agree</u>.

<blockquote>Defendant does not agree to remote deposition. Plaintiff resides in Nigeria and chose to litigate in this country within this jurisdiction, and he should come into this country to be deposed.</blockquote>

E. To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.

Not at this time.

F. Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?

Plaintiff would like such an order, but Defendant does not agree.

G. Do the parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.

**Plaintiff**: at this time, Plaintiff anticipates the need for third party discovery as to Point Blank News the entity and its employees and investigators, particularly those who worked on the allegedly defamatory publications.

**Defendant**: Defendant anticipates to conduct discovery on the Nigerian EFCC, and on the Nigerian Banks and financial institutions mentioned by the Plaintiff in his complaint.

H. Do the parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts. State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.

At this time, the parties do not expect to use experts.

I. Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.

Not at this time.

J. Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

    Plaintiff    Yes.

    Defendant    Yes.

V. **Status of discovery**

The parties must summarize the status of discovery so far. If discovery has not progressed, the parties should explain why. In general, Judge Murphy expects the parties to begin discovery prior to the Rule 16 conference.

Discovery was ordered to begin on May 7, 2024.

VI. **Proposed case management deadlines**

A. Rule 26(a)(1) initial disclosures were exchanged: Exchange was ordered to take place May 7, 2024. Plaintiff timely served his disclosures. Defendant has not served his disclosures yet.

B. Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays): June 2, 2024.

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): July 3, 2024.

D. Deadline for rebuttal expert reports (if any): July 24, 2024.

E. Deadline(s) to complete fact/expert discovery: August 7, 2024.

F. Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery.

Concurrent.

G. If any party seeks more than 120 days for discovery, explain why. N/A

H. Deadline to file motion for summary judgment: September 9, 2024.

VII. **Electronic discovery**

The parties' Rule 26(f) discussions must include a thorough discussion about electronic discovery, including but not limited to: (1) the need for electronically stored information ("ESI"); (2) sources of ESI; (3) the anticipated scope of electronic discovery; (4) the identity of potential custodians; (5) whether search terms will be necessary and, if so, any limitations thereto; (6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure; and (7) any anticipated problems with

electronic discovery. The parties should summarize their discussion on these issues here. Counsel who attends the Rule 16 conference should be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation. If so, the parties should submit the stipulation to the Court in advance of the Rule 16 conference. If not, the parties should identify what issues need to be resolved to finalize the stipulation.

**VIII.   Protective orders and confidentiality agreements**

The parties should indicate whether they anticipate the need for a protective order in this case. If so, the parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the parties are directed to Judge Murphy's policies and procedures concerning protective orders and confidentiality agreements.

<u>To the extent any sensitive information is sought in discovery, the parties may wish to enter into a protective order and confidentiality agreement</u>.

**IX.   Alternative dispute resolution**

    A.    Have the parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

        <u>The parties had very brief conversations regarding settlement early on in the case, but those discussions were not fruitful and have not been revived</u>.

    B.    Have the parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the parties' positions with respect to ADR, as required under Local Rule 53.3.

        Have not explored.

        **Plaintiff**: open to a settlement conference with a district court judge or magistrate judge.

        **Defendant**: is also open to a settlement conference with a district judge.

    C.    Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

    <u>Lead counsel for the parties will attend the Rule 16 conference with settlement discussion authority.</u>

**X.**    **Consent to send case to a Magistrate Judge**

If all parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c), the parties should indicate as such and complete and return to the Court a Consent and Reference Of A Civil Action To A Magistrate Judge, (available at this [link](#)).

<u>No.</u>

**XI.**    **Service by electronic means**

Confirm that the parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any party that does not consent must explain its reasons.

**<u>Plaintiff</u>**: Yes.

**<u>Defendant</u>**: Yes, but if it's more than 100 pages, then it should be by regular mail.

**XII.**    **Policies and procedures**

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party and/or each *pro se* party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein. The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

**XIII.**    **Other matters**

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (*e.g.*, anticipated motions, bifurcation, privilege issues, etc.).

Dated: May 14, 2024

For Plaintiff:

/s/ Michael D. Cilento
Michael D. Cilento (admitted pro hac vice)
Lewis & Lin LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
michael@iLawco.com

For Defendant:

/s/Benneth O. Amadi
Benneth O. Amadi, Esquire (admitted pro hac vice)
204 Blossom St. Ext., Suite A
Lynn, MA 01901
bamadilaw@gmail.com