IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BASHIR YUSUF JAMOH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 22-3070 |
| | : | |
| **JACKSON UDE** | : | |

# ORDER

**AND NOW**, this 21st day of October 2024, upon considering the pending motions (DI 40, 51, 54, 56, 58), and following our motion hearing and case management conference held October 18, 2024 with counsel, it is **ORDERED**:

1. Plaintiff's motion to compel (DI 40) is **GRANTED in part** and **DENIED in part** for the reasons explained during the hearing. No later than **November 1, 2024**, defendant shall: complete all document production responsive to plaintiff's requests for production nos. 1-25; provide supplemental responses, without objections, to interrogatory nos. 6, 7, 9, 17, and 18.[1]

2. Plaintiff's motion to terminate deposition and impose sanctions (DI 51) is **GRANTED in part** and **DENIED in part** as explained below.

3. Defendant's motion for sanctions (DI 58) is **DENIED**.

4. Dr. Jamoh shall appear in person for a 5-hour deposition, to be held in person at 601 Market Street, Philadelphia, on **November 13, 2024** commencing at 10:00 a.m in a room to

---

[1] Sanctions will not be imposed at this time. But failure to comply will have preclusive effect under Rule 37. As discussed in the hearing, certain interrogatory responses and document production may be obviated by responses to plaintiff's requests for admission. Defendant is free to revise his requests for admission and negotiate that with plaintiff accordingly. We reject defendant's objections under the Pennsylvania Shield Law for the same reasons explained in *Wabote v. Ude*, 2022 WL 684844, at *3 (E.D. Pa. Mar. 8, 2022). Defendant may provide the objected-to information on a confidential, attorneys-eyes-only basis, or subject to whatever other terms of confidentiality the parties may agree upon.

be determined by the court.  Mr. Amadi may question the witness but Mr. Chisholm shall attend the deposition as well.  If the parties would like to conduct the deposition on a different date, they must contact our chambers with an alternative proposal.[2]

     5.     Plaintiff shall respond to DI 54 and 56 no later than **October 23, 2024**.

     6.     Mr. Amadi and Mr. Chisholm shall both read the local rules of the Eastern District of Pennsylvania and Judge Murphy's policies and procedures, and then each shall file on the docket a certification that they have completed these tasks, no later than **October 25, 2024.**

     7.     Mr. Chisholm shall attend every hearing, videoconference, deposition, and court appearance in this case without exception.

     8.     Other case deadlines remain temporarily suspended.

*[signature]*
**MURPHY, J.**

---

[2] In the first deposition of Dr. Jamoh, both counsel — Mr. Cilento and Mr. Amadi — conducted themselves poorly and well below the standards for lawyers in this court.  At the hearing, they both indignantly, and incorrectly, said that if only I would read the transcript, surely I would agree that the other was at fault.  That transcript could be the basis of a class on "how not to do depositions."  Before resuming the deposition, both counsel shall thoroughly review the law governing deposition conduct in this district, *e.g., Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993) and its progeny.  Among other things, Mr. Cilento shall limit himself to objections to form; the witness shall not refuse to answer (and shall be not instructed not to answer) absent a privilege concern; Mr. Amadi shall be polite, professional, and refrain from any conversation other than asking the witness questions; and counsel shall address each other by their titles and last names.  Aside from these measures, no further sanctions shall be imposed at this time.