IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BASHIR YUSUF JAMOH** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 22-3070 |
| | : | |
| **JACKSON UDE** | : | |

# ORDER

**AND NOW**, this 24th day of October 2024, upon considering defendant's motion to compel discovery (DI 54), plaintiff's opposition (DI 65), defendant's motion for reconsideration (DI 56), and plaintiff's opposition (DI 66), it is **ORDERED**:

1. Defendant's motion for reconsideration (DI 56) is **GRANTED in part** only in that defendant's motion to compel discovery (DI 54) will be considered.[1]

2. Defendant's motion to compel discovery (DI 54) is **GRANTED in part**. Every aspect of the motion is denied except for the following:[2]

---

[1] We are not altering the terms of our previous order but we are providing relief from it because the motion to compel (DI 54) could not have been filed before September 4, 2024, after the deadline imposed. But this is just the tail end of a series of unfortunate events. Plaintiff's September 4, 2024 responses were late, and defendant's discovery requests were also served late — on July 31, 2024, which at the time was well short of 30 days before the end of fact discovery. And during that time, we were trying to adjust to what we were learning about the dilatory conduct of both lawyers and provide guidance, while still incorrectly assuming that counsel could work things out between themselves. *See* DI 33, 38, 43, 64. We deem it in the interests of justice to hear this motion to compel.

[2] Most of the motion to compel is not actionable because there is insufficient particularized argument to make a ruling. Rule 26(b) requires balancing relevance with the burden, taking into account the issues and needs of the case. Plaintiff responded to defendant's requests and produced certain documents. Absent specific reasons, we are not in a position to overrule objections that appear reasonable. That said, we reviewed the discovery requests in

a. Plaintiff's objection in response RFP No. 1 is overruled with respect to any employee handbook and any financial records tending to support or refute or bear on any damages theory that plaintiff will advance.

b. Plaintiff's objection in response RFP No. 3 is overruled with respect to any financial records tending to support or refute or bear on any damages theory that plaintiff will advance.

c. Plaintiff's objection in response RFP No. 5 is overruled to the extent that plaintiff shall produce representative documents sufficient to show such relationships now and during the time of the alleged defamations.

d. Plaintiff's objection in response RFP No. 6 is overruled to the extent that plaintiff shall produce representative documents sufficient to identify directors, officers, shareholders, subsidiaries and businesses of the NIMASA now and during the time of the alleged defamations.

e. Plaintiff's objection in response RFP No. 9 is overruled with respect to any financial records tending to support or refute or bear on any damages theory that plaintiff will advance.

f. Plaintiff's objections in response RFP Nos. 12-14 are overruled.

g. Plaintiff's objection in response RFP No. 15 is overruled to the extent that

---

light of the complaint in this case with an eye toward the general principles of Rule 26(b) and our best understanding of the requests.  Given these uncertainties, we note that, of course, plaintiff need produce only documents that actually exist and are within his possession or control.  Because of defendant's conduct and choices in this case, will not entertain a successive motion to compel or motion for reconsideration advancing further explanation.

      there are any such non-privileged documents.

h. Plaintiff's objections in response Interrogatory Nos. 6-9 are overruled with respect to any response that might support or refute or bear on any damages theory that plaintiff will advance.

i. Plaintiff will complete any remaining document production or response supplementation no later than November 6, 2024.

 

*[signature]*
MURPHY, J.